## ANN STILLMAN
## v.
## RAYMOND PALIS.

*Forcible Entry and Detainer—Former Suit—Testimony of Attorney— Agency.*

In an action of forcible entry and detainer, growing out of a dispute as to the division line between the owners of adjoining premises, it is *held:* That the testimony of an attorney, who acted for the plaintiff in a former proceeding, was improperly admitted; that the subject-matter and result of said proceeding should have been proven by the record; that it was not for the witness to determine the effect of the dismissal of the appeal in said proceeding; and that the attorney of the defendant therein could not bind her by an agreement made after the dismissal of the appeal.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

Mr. WILLIAM P. LAUNTZ, for appellant.

Messrs. J. N. PERRIN and M. W. SCHAEFER, for appellee.

WILKIN, P. J.   This case was tried at the September term, 1886, of the Circuit Court of St Clair County, on appeal from a Justice of the Peace.

Appellee (being plaintiff) in that court obtained judgment for the premises claimed in his complaint.

Stillman v. Palis.

Numerous errors are assigned upon the record in this court. The case is very unsatisfactorily presented and as we feel compelled to reverse and remand it because of the improper admission of evidence over objection and proper exceptions by appellant, we shall review the record only so far as it is necessary to dispose of that assignment of error. The parties own adjoining lands, and this suit grows out of a dispute as to the division line between them.

In 1880, appellee brought suit against appellant in forcible detainer, before a Justice of the Peace, for the property now in controversy, and also an action for trespass alleged to have been committed upon the same. Both cases were decided in favor of appellee, as he claims, before the Justice, and both appealed to the Circuit Court.

After the trespass case was there again decided in his favor, the detainer case still pending, appellant dismissed her appeal. At least one ground of plaintiff's right to recover in this suit is based upon the result of that order of dismissal and an alleged agreement by which the possession was to be delivered up to him. The former detainer suit and the result thereof, therefore, became material evidence in this suit, and appellee, to establish the same, introduced his attorney in the former suit, who, over the objection of appellant, was allowed to testify as follows:

"There was a suit of that kind brought and judgment obtained before Squire Guntz, on the 7th of June, 1880; and there was also at the same time a suit in trespass, and judgment likewise obtained, and the cases appealed and tried in the Circuit Court, and Mrs. Stillman beaten. Mr. Lock, her attorney, at the October term, 1881, dismissed the detainer and *procedendo* was awarded, and all I want to say is this: that left the judgment of the Justice of the Peace in full force. No writ of restitution was issued under that, because Mr. Lock said, don't go to that expense about it; Mr. Lock was her attorney in this matter."

The same witness was recalled and again permitted to testify over objection: "I wish to state this: the dismissing the appeal left the judgment of the Justice of the Peace in full

force, giving Mr. Palis the right to have a writ issued to put him in possession." He then proceeds to state what Mr. Lock said, which was objected to, and the objection overruled, and he stated: "Mr. Lock was an attorney at this bar in good standing. I understood he said we need not go to the trouble or expense of having a writ issued; that they would deliver back possession to Mr. Palis without further trouble. That was all that was done, otherwise I would have had a writ issued and put them out according to law."

This testimony was improperly admitted for several reasons. The subject-matter of the former detainer suit, and its result, should have been proven by the record and not by parol. It was not for the witness to determine the effect of the dismissal of the appeal, but for the court by proper instructions to apply the law to the facts. Another fatal objection to this testimony lies in the fact that there is no sufficient evidence of authority in Lock to bind appellant, by his agreement that she should deliver possession of the property then in dispute. It is not pretended that he had any such express authority, even if he had acted as her attorney in the appeal which had then been dismissed, which she denies, and which does not appear from the record in that case. He could not bind her by his agreement made after the appeal had been dismissed; his declarations and statements were therefore inadmissible, and the objection thereto should have been sustained. The testimony of the attorney, if accepted by the jury as it no doubt was, under the instructions of the court, was decisive of the case, and being incompetent, must work a reversal of the judgment.

*Reversed and remanded.*